UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

GEORGE EDWARD THOMPSON, JR.,

         Petitioner,

v.

ADAM DOUGLAS,

         Respondent.
_____/

Case No. 1:25-cv-68

Honorable Hala Y. Jarbou

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as procedurally defaulted. *See, e.g.*, *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004).

After undertaking the review required by Rule 4, the Court concludes that the petition appears to be procedurally defaulted. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as

procedurally defaulted. *See Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir. 2002) (noting the propriety of *sua sponte* dismissal on procedural default grounds where the petitioner was afforded an opportunity to respond).

## Discussion

### I. Factual Allegations

Petitioner George Edward Thompson, Jr. is incarcerated with the Michigan Department of Corrections at the Saginaw County Correctional Facility (SRF) in Freeland, Saginaw County, Michigan. Following a jury trial in the Kalamazoo County Circuit Court, Petitioner was convicted of one count of accosting children for immoral purposes, in violation of Mich. Comp. Laws § 750.145a, and two counts of criminal sexual conduct-1st degree (CSC-I), in violation of Mich. Comp. Laws § 750.520b. On December 13, 2021, the court sentenced Petitioner to 13 years, 6 months to 30 years for each of the CSC-I convictions, and 2 to 4 years for the accosting conviction. *See* Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=689108 (last visited Jan. 23, 2025).

Following sentencing, Petitioner, through counsel, filed a motion for a new trial, raising claims of ineffective assistance. The trial court conducted a hearing, at which "[Petitioner's] trial counsel answered numerous questions regarding his representation of [Petitioner] and their trial strategy." *People v. Thompson*, No. 359776, 2023 WL 5993093, at *2 (Mich. Ct. App. Sept. 14, 2023). In an order entered on December 19, 2022, the trial court denied Petitioner's motion for a new trial. (ECF No. 2-6, PageID.348–363.)

On direct appeal, Petitioner raised numerous claims of ineffective assistance of counsel, as well as a claim that the State presented insufficient evidence to support his convictions. The Michigan Court of Appeals rejected Petitioner's arguments and affirmed his convictions and sentences on September 14, 2023. *See Thompson*, 2023 WL 5993093, at *1. Petitioner filed a

motion seeking leave to file a late application for leave to appeal, along with his application for leave to appeal to the Michigan Supreme Court, on November 13, 2023. Case Information, *People v. Thompson*, No. 166352 (Mich.), https://www.courts.michigan.gov/c/courts/coa/case/359776, (last visited Jan. 23, 2025). The filing was four days late under the Michigan Court Rules. Mich. Ct. R. 7.305(C)(2). The Michigan Court Rules also preclude "the filing [of] a motion to file a late application for leave to appeal under MCR 7.305(C)." Mich. Ct. R. 7.316(B). Consequently, the Michigan Supreme Court denied Petitioner's motion to docket the application and dismissed Petitioner's late application for leave to appeal on January 30, 2024, *see People v. Thompson*, 1 N.W.3d 276 (Mich. 2024), and denied his motion for reconsideration on March 29, 2024, *see People v. Thompson*, 3 N.W.3d 806 (Mich. 2024).

Petitioner, through counsel, filed his § 2254 petition on January 17, 2025. (ECF No. 1.) Petitioner raises the same issues in his petition that he raised in the Michigan appellate courts:

I.  Mr. Thompson was denied his 6th Amendment right to counsel both before and during trial that prejudiced him, warranting a new trial.

II. Mr. Thompson was denied his 14th Amendment constitutional right to Due Process where there was insufficient evidence to convict on the counts of conviction.

(§ 2254 Pet., ECF No. 1, PageID.3–4, 9–10.)

## II. Exhaustion and Procedural Default

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

3

To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134 138–39 (6th Cir. 1970).

Fair presentation has a substantive component and a procedural component. With regard to substance, fair presentation is achieved by presenting the asserted claims in a constitutional context through citation to the Constitution, federal decisions using constitutional analysis, or state decisions which employ constitutional analysis in a similar fact pattern. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Picard*, 404 U.S. at 277–78. With regard to procedure, the fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely.[1] *Olson v. Little*, 604 F. App'x 387, 402 (6th Cir. 2015) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989) ("[W]here the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor,' . . . does not, for the relevant purpose, constitute 'fair presentation.'")); *see also Ogle v. Ohio Dep't of Rehab. & Corr.*, No. 17-3701, 2018 WL 3244017, at *2 (6th Cir. Feb. 27, 2018); *Stokes v. Scutt*,

---

[1] If the deadline set forth in 7.305(C) were not jurisdictional, the Michigan Supreme Court would be authorized to extend the deadline "on a showing that there was good cause for the delay or that it was not due to the culpable negligence of the party or attorney." Mich. Ct. R. 7.316(B). Petitioner explains that the application for leave to appeal to the Michigan Supreme Court had been filed within the deadline, but that it was filed electronically in the Michigan Court of Appeals instead of the Michigan Supreme Court. (§ 2254 Pet., ECF No. 1, PageID.7.) Upon discovery of the error, counsel filed the late application in the Michigan Supreme Court. Counsel acknowledges that the late filing "was the fault of counsel." (*Id.*)

527 F. App'x 358, 363–64 (6th Cir. 2013). The Court concludes that Petitioner failed to fairly present his federal constitutional issues to the Michigan Supreme Court because he presented them in a procedurally inappropriate manner. Therefore, Petitioner has failed to carry his burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

As the United States Court of Appeals for the Sixth Circuit has recognized:

> Exhaustion is a problem only if the state still provides a remedy for the habeas petitioner to pursue, thus providing the state courts an opportunity to correct a constitutionally infirm state court conviction. If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts.

*Id.* Petitioner's circumstance, therefore, is very similar to the circumstance facing Petitioner Boerckel as described in *O'Sullivan v. Boerckel*:

> Boerckel's amended federal habeas petition raised three claims that he had pressed before the Appellate Court of Illinois, but that he had not included in his petition for leave to appeal to the Illinois Supreme Court. There is no dispute that this state court remedy-a petition for leave to appeal to the Illinois Supreme Court-is no longer available to Boerckel; the time for filing such a petition has long passed. *See* Ill. Sup.Ct. Rule 315(b).

*O'Sullivan*, 526 U.S. at 848. The Supreme Court there concluded that "Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims." *Id*.

Now that Petitioner's direct appeal is complete, there is only one means of collaterally raising the issues Petitioner failed to raise in the Michigan Supreme Court. Under Michigan law, the only means of collaterally attacking a criminal judgment after the direct appeal is by filing a motion for relief from judgment under Michigan Court Rule 6.500 *et. seq*. *See People v. Watroba*, 483 N.W.2d 441, 442 (Mich. Ct. App. 1992) (stating "Subchapter 6.500 of the Michigan Court Rules establishes the procedures for pursuing postappeal relief from a criminal conviction. The subchapter is the exclusive means to challenge a conviction in Michigan once a defendant has

5

exhausted the normal appellate process."). That subchapter of the Michigan Court Rules, however, does not permit a court to grant relief in every circumstance. For example, the trial court may not grant relief to the defendant if the motion "alleges grounds for relief which were decided against the defendant in a prior appeal." Mich. Ct. R. 6.508(D)(2). That is exactly the situation here with respect to Petitioner's grounds for relief. He presented the same issues in his direct appeal, and they were decided against him by the Michigan Court of Appeals.

The Court concludes, therefore, that Petitioner's failure to timely present his grounds for relief to the Michigan Supreme Court has resulted in a procedural default of those claims. The Court cannot consider the claims unless Petitioner establishes cause for his failure to timely present the issues to the Michigan Supreme Court and resulting prejudice or by showing that the Court's consideration is necessary to avoid a miscarriage of justice. *Bradshaw v. Richey*, 546 U.S. 74, 79 (2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991)); *see also Theriot v. Vashaw*, 982 F.3d 999, 1003 (6th Cir. 2020) (noting that the court has "the option . . . to excuse a procedural default and review a defaulted claim on the merits if a petitioner demonstrates '(1) cause for the default and actual prejudice, or (2) that the failure to consider the claim will result in a fundamental miscarriage of justice' " (quoting *Williams v. Bagley*, 380 F.3d 932, 966 (6th Cir. 2004))).

To show cause sufficient to excuse a failure to raise claims on direct appeal, Petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in his first appeal. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see McCleskey v. Zant*, 499 U.S. 467, 497 (1991). A petitioner who fails to demonstrate cause and prejudice cannot have a cognizable claim. *See Gray*, 518 U.S. at 162. Further, where a petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985).

6

At this time, Petitioner has not shown cause for his failure to timely present his grounds for relief to the Michigan Supreme Court. Petitioner also has not demonstrated that manifest injustice would result because he has not made a colorable claim of innocence; he has not shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray*, 477 U.S. at 495). This requires a showing "that 'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Coleman v. Mitchell*, 244 F.3d 533, 540 (6th Cir. 2001), *superseded in other part by statute as recognized in Stewart v. Winn*, 967 F.3d 534, 540 (6th Cir. 2020), (quoting *Schlup*, 513 U.S. at 329). Given the rarity of such evidence, the allegation of actual innocence has been summarily rejected in virtually every case. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Here, Petitioner does not attempt to introduce new evidence; he instead suggests that the evidence presented at trial was insufficient to sustain his convictions.

Based on the allegations set forth in the petition, Petitioner's two grounds for relief are unexhausted and procedurally defaulted. Moreover, at this time, the Court cannot conclude that Petitioner has shown cause for his failure to timely present his grounds for relief to the Michigan Supreme Court, nor has Petitioner demonstrated that manifest injustice would result if the Court did not consider the merits of his grounds.

**Conclusion**

The District Court will give Petitioner notice and an opportunity to be heard before dismissal of a petition on procedural default grounds. *See Lorraine*, 291 F.3d at 426. The Court allow Petitioner 28 days to show cause why the petition should not be dismissed because the issues raised therein have been procedurally defaulted with no showing of cause and prejudice or material injustice.

An order consistent with this opinion will be entered.


Dated: January 28, 2025                       /s/ Hala Y. Jarbou
                                              HALA Y. JARBOU
                                              CHIEF UNITED STATES DISTRICT JUDGE